```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MUGEEB MOHAMED ALGOHAIM et al.,                                        :
                                                                       :
                               Plaintiffs,                             :
                                                                       :            25-CV-760 (JMF)
               -v-                                                     :
                                                                       :         MEMORANDUM OPINION
UNITED STATES OF AMERICA et al.,                                       :             AND ORDER
                                                                       :
                               Defendants.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      In this action, familiarity with which is assumed, Plaintiffs seek review of a decision by the United States Department of Agriculture, Food and Nutrition Service ("FNS") that disqualified Plaintiff Villa Deli Grocery Inc. from participating in the Supplemental Nutrition Assistance Program ("SNAP") for one year. *See* ECF No. 1 ("Compl."); ECF No. 7-1 ("Berkowitz Decl.") ¶ 4. On February 13, 2025, Plaintiffs moved, pursuant to 7 U.S.C. § 2023(a), for a preliminary injunction of that disqualification pending judicial review of the final administrative disqualification. *See* ECF No. 7. For substantially the reasons stated by Defendants in their letter brief in opposition to Plaintiffs' motion, *see* ECF No. 12 ("Defs.' Mem.") — and elaborated below — the motion is DENIED.

      To obtain a preliminary injunction under 7 U.S.C. § 2023(a), a plaintiff must establish the "likelihood of prevailing on the merits and of irreparable injury." *Kim v. United States*, 822 F. Supp. 107, 109 (E.D.N.Y. 1993). In this case, Plaintiffs have established neither. Starting with irreparable injury, Plaintiffs have failed to substantiate their assertion that they will "be forced out of business" as a result of SNAP disqualification. ECF No. 10 (Pls.' Mem."), at 5. They claim, for instance, that SNAP redemptions constitute 30% of the store's gross sales (or a total of

$10,000 per month), Berkowitz Decl. ¶ 6, but offer no competent evidence to substantiate that claim — relying solely on an attorney's declaration. In any event, these allegations, even if true, do not establish irreparable injury. Plaintiffs state that the store's average monthly sales total approximately $30,000 while its total monthly expenses total $7,420. *Id.* ¶¶ 6-7. If so, then the loss of 30% of Plaintiffs' sales would not force them out of business; they would be left with $20,000 to cover $7,420 of monthly costs. Plaintiffs' attempt to assert an irreparable injury in lost clientele from SNAP households who also purchase nonfood items, *see* ECF No. 14 ("Pls.' Reply"), fares no better, as there is no cognizable evidence to support the alleged harm. Without more, Plaintiffs have not carried their burden to establish irreparable injury.

Nor have Plaintiffs established a likelihood of prevailing on the merits. To prevail, Plaintiffs must prove, by a preponderance of evidence, "that the agency's action was invalid" (*i.e.*, that the violations warranting disqualifications did not actually occur). *Capellan v. United States*, No. 17-CV-9342 (AT), 2020 WL 1047907, at *3 (S.D.N.Y. Mar. 4, 2020) (collecting cases). Plaintiffs fail to show a likelihood of meeting that burden. On-site investigative reports detail four occasions on which Plaintiffs' employees accepted SNAP benefits in exchange for ineligible nonfood items in violation of 7 C.F.R. § 278.2(a). *See* ECF No. 7-6 (investigative transaction reports). Plaintiffs do not put forward any persuasive reason to question the validity of those reports. *See* Defs.' Mem. 3 (noting that none of Plaintiffs' arguments "undermine the reliability of the government's evidence, nor otherwise suggest that the transactions did not occur as documented in the investigative reports"). Nor have Plaintiffs put forward any reason to believe that the one-year disqualification is arbitrary and capricious given Plaintiffs' prior record of selling ineligible items. *See id.* In short, Plaintiffs fail to show a likelihood of prevailing on the merits, which independently dooms their motion for relief.

As to next steps, the Court adopts the parties' proposal for the Government to serve and file the certified administrative record by **March 7, 2025**, and for the parties to file a joint status update by **March 21, 2025**. *See* ECF No. 15. In light of the foregoing, the initial pretrial conference that is scheduled for March 5, 2025, is ADJOURNED *sine die*.

The Clerk of Court is directed to terminate ECF No. 7.

SO ORDERED.

Dated: February 25, 2025
      New York, New York

                                              JESSE M. FURMAN
                                           United States District Judge